**Electronically Filed
Supreme Court
SCAD-14-0000799
24-JUN-2014
12:13 PM**

SCAD-14-0000799

IN THE SUPREME COURT OF THE STATE OF HAWAI‘I

---

OFFICE OF DISCIPLINARY COUNSEL,
Petitioner,

vs.

KHALED S. MUJTABAA,
Respondent.

---

ORIGINAL PROCEEDING
(ODC CASE NOS. 12-042-9058, 13-036-9106)

ORDER OF SUSPENSION
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Upon consideration of the Report and Recommendation of the Disciplinary Board of the Supreme Court of the State of Hawai‘i, submitted to this court on May 2, 2014, for the imposition of, *inter alia*, a 45-day suspension upon Respondent Khaled S. Mujtabaa, and upon a *de novo* review of the stipulated facts and the evidence in the record, see ODC v. Au, 107 Hawai‘i 327, 336, 113 P.3d 203, 212 (2005); ODC v. Lau, 85 Hawai‘i 212, 214, 941 P.2d 295, 297 (1997), this court finds and concludes the following by clear and convincing evidence:

In Office of Disciplinary Counsel (ODC) Case No. 12-042-9058, Respondent Mujtabaa, by failing to file the client's settlement motion for 14 months or to resolve the client's foreclosure issues, while leading the client to believe he would promptly file appropriate documents and address the foreclosure litigation, resulting in the acceleration of the mortgage and, ultimately, the loss of the client's house, violated Rules 1.3 and 3.2 of the Hawaiʻi Rules of Professional Conduct (HRPC).[1] By failing to secure a copy of the readily-obtainable fully executed settlement agreement documents for 10 months, relying on the lack of the document as a justification for not pursuing the matter, and prevaricating concerning the filing of the settlement motion for 15 months, Respondent Mujtabaa violated HRPC Rule 1.1. By failing to promptly respond to the client's reasonable requests about the case or to keep the client reasonably informed about its status, thereby preventing the client from making informed decisions regarding the mortgage litigation, Respondent Mujtabaa violated HRPC Rules 1.4(a) and (b). By withdrawing $400.00 from his client trust account on May 17, 2012 for costs associated with the client, when the client did not have a claim to any funds in the account, Respondent Mujtabaa misappropriated and withdrew unearned client funds from other clients, in violation of HRCP Rules 1.15(c) and (d). By withdrawing the client's funds

_____

[1] All HRPC Rules cited herein are those in effect at the time of the conduct underpinning the violation.

on September 23, 2011, January 26 and February 3, February 6, and February 17, 2012, without explaining to the client the basis or rate for earning the fee short of completing the representation and without providing an accounting, Respondent Mujtabaa violated HRPC Rule 1.5(b) and 1.15(f)(3).

In ODC Case No. 13-036-9106, by withdrawing funds from his client trust account for other matters, bringing the balance of the account below the level of funds to which the client in question had a rightful claim, specifically creating a $520.97 shortfall on May 7, 2008, a $1,825.80 shortfall on September 19, 2008, and a $2,213.84 shortfall on December 31, 2009, Mujtabaa misappropriated the client's funds and withdrew them before they were earned, in violation of HRCP Rules 1.15(c) and (d). By failing to file the client's litigation for almost five years, and prevaricating concerning the delays, Respondent Mujtabaa violated HRPC Rules 1.3 and 3.2. By withdrawing the client's funds from his client trust account on March 10 and March 20, 2008, December 17, 2009, October 29, 2010, and June 10, 2011, without explaining to the client the basis or rate for earning the fee without completing the representation, and without providing an accounting, Respondent Mujtabaa violated HRPC Rules 1.5(b) and 1.15(f)(3).

In aggravation, we note Mujtabaa's substantial experience in the practice of law and a pattern of similar

3

misconduct between the two disciplinary matters.  In mitigation, we note Respondent Mujtabaa's remorse, his cooperative attitude toward the proceedings, the absence of a dishonest or selfish motive, and his efforts to address the shortcomings in his practice through the completion of Continuing Legal Education training.  Nevertheless, a period of suspension is appropriate.  See ODC v. Manuia, SCAD-13-136 (May 20, 2013); ODC v. Barrad, No. 27247 (May 16, 2005); ODC v. Ching, No. 25697 (May 2, 2003); ODC v. Wessel, No. 21817 (August 14, 2000); ODC v. Sahara, No. 20535 (December 10, 1997).  Therefore,

IT IS HEREBY ORDERED that Respondent Khaled S. Mujtabaa is suspended from the practice of law in this jurisdiction for 180 days, effective 30 days after the entry date of this order, as provided by Rules 2.3(a)(2) and 2.16(c) of the Rules of the Supreme Court of the State of Hawai'i (RSCH).

IT IS FURTHER ORDERED that Respondent Mujtabaa shall complete an audit of his practice by the Practicing Attorneys Liability Management Society or equivalent program and submit proof of completion of the audit and adoption of its recommendations within 375 days of the date of entry of this order, or good cause for an extension.  Respondent Mujtabaa is hereby notified that failure to timely complete the audit and submit the subsequent report may result in an additional period of suspension, upon review of the record.

4

IT IS FURTHER ORDERED that, in addition to any other requirements for reinstatement imposed by the Rules of the Supreme Court of the State of Hawaiʻi, Respondent Mujtabaa shall pay all costs of these proceedings as approved upon the timely submission of a bill of costs, as prescribed by RSCH Rule 2.3(c).

IT IS FINALLY ORDERED that Respondent Mujtabaa shall, within 10 days after the effective date of his suspension, file with this court an affidavit that he is in full compliance with RSCH Rule 2.16(d).

DATED: Honolulu, Hawaiʻi, June 24, 2014.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael W. Wilson

